FANNIE SCHUSTER, Appellant, *v.* ABRAHAM RAFLOWITZ, Respondent.

Third Department, June 27, 1935.

*Newberg & Sakofsky* [*Ellsworth Baker* of counsel], for the appellant.

*Lazarus I. Levine,* for the respondent.

HEFFERNAN, J. The office of special county judge and surrogate of the county of Sullivan was created by chapter 88 of the Laws of 1854. It has been in existence ever since. Respondent's counsel, Mr. Levine, is the present occupant of that position which carries with it an insignificant salary of $600 per year. This appeal

involves the right of Mr. Levine to represent his client in a civil action pending in the Sullivan County Court. Appellant applied to the County Court of Sullivan county for an order declaring that Mr. Levine was disqualified from acting as respondent's counsel and from an order denying her application she has come to this court. In my opinion the learned county judge made a correct disposition of the motion and his order should be affirmed.

There is nothing in the special act creating the position which expressly or by implication precludes the special county judge from acting in a cause such as this. The dissenting opinion, after referring to section 19 of article VI of the State Constitution, in support of the conclusion of the minority, states: " This provision would clearly prevent the special county judge of Sullivan county from appearing for the defendant in the County Court of Sullivan county." Clearly that section relates, not to civil procedure, but only to criminal causes or proceedings. It provides: " nor shall any county judge, special county judge, surrogate, or special surrogate appear or act as counsel for a defendant in any criminal case or proceeding pending in his own county or in any adjacent county." The case before us is a civil and not a criminal cause.

A judge is a public officer authorized by law to hear and determine causes and to hold court statedly for that purpose. The special county judge of Sullivan county is merely a judge *pro tempore*. He simply stands by, as it were, prepared to act in certain contingencies. Section 73 of the Civil Practice Act provides when he may act as such. The duties of the county judge devolve upon him only upon the happening of two events: (1) The incapacity of the county judge; (2) certification of such disqualification by that official.

Justice CRAPSER in his opinion also stresses section 17 of the Judiciary Law as support for his conclusion. That section reads: " A judge shall not practice or act as an attorney or counsellor, in a court of which he is, or is entitled to act as a member, or in a case originating in that court." That section is clearly inapplicable. It prohibits a judge from acting as an attorney or counselor " in a court of which he is, or is entitled to act as a member." The special county judge is not entitled to act as a member of that court as already pointed out. He may exercise the judicial functions of that office only whenever the grounds provided for by law exist. Where the county judge is not disqualified the special county judge has no legal connection with that office. In the present cause he could never act in that capacity because he would be obviously disqualified as such by reason of the relationship of attorney and client and he is not, therefore, entitled to act in

County Court within the meaning of section 17 of the Judiciary Law. Obviously that section applies to the duly selected county judge. This view is strengthened by section 19 of article VI of the Constitution. The very fact that there is a constitutional provision expressly prohibiting a special county judge from acting as an attorney in a criminal cause or proceeding clearly indicates that it was not the legislative intent to enlarge upon the prohibition. The effect of that prohibition cannot be enlarged by conjecture or implication.

It is said that the special county judge may grant orders at chambers. The county judge of any county may grant orders at chambers in actions pending in the Supreme Court. (Civ. Prac. Act, § 77.) The fact that he may make such orders does not disqualify the county judge from practicing as an attorney in the Supreme Court in those counties where he may lawfully practice as such.

In the instant case the special county judge is also the special surrogate of the county. Section 8 of the Surrogate's Court Act provides that when the office of surrogate is vacant or the surrogate is disqualified from acting, the duties of that office must be discharged:

" 1. By the special surrogate.

" 2. If there is no special surrogate, or he is in like manner disabled, or is precluded or disqualified, by the special county judge.

" 3. If there is no special county judge, or he is in like manner disabled, or is precluded or disqualified, by the county judge.

" 4. If there is no county judge, or he is in like manner disabled, or is precluded or disqualified, by the district attorney."

If the special county judge is disqualified from acting in the pending cause then by the same token he is disqualified from ever practicing in the Surrogate's Court. The district attorney would be disqualified from practicing in the Surrogate's Court for the same reason because in a certain contingency he is permitted to act as surrogate. It seems to me that this leads to an illogical and absurd conclusion. If the special county judge or special surrogate may not practice in the County and Surrogate's Courts of his own county, obviously no lawyer could accept the office at a salary of $600 per year.

The order appealed from should, therefore, be affirmed, with costs.

HILL, P. J., and BLISS, J., concur; CRAPSER, J., dissents, with an opinion, in which RHODES, J., concurs.

CRAPSER, J. (dissenting). Lazarus I. Levine is the special county judge and special surrogate of Sullivan county and the action in

which they are seeking to disqualify him is an action in County Court. The salary of the special county judge and special surrogate is $600 per year.

The office was created by chapter 88 of the Laws of 1854, which is as follows:

" § 1. There shall be elected in the county of Sullivan, at the next general election, and as often thereafter, at any succeeding general election, as may be necessary, in the same manner as other county officers are elected, a local officer to discharge the duties of county judge and surrogate of said county, in case of vacancy or inability of such officer, in pursuance of section fifteen, of article sixth of the constitution; and the term of office of the person so elected shall commence on the first day of January next after his election; he shall hold his office for three years, and until another shall be chosen in his place and duly qualified, and shall be subject to removal in the same manner and for the same causes as county judges and surrogates are subject to be removed.

" § 2. Such person so elected, in case he shall be of the degree of counsellor at law in the supreme court, shall also possess all the powers and perform all the duties that are now performed by a county judge at chambers; and any proceeding commenced before him may be finished by him, or he may, by an order made by him, direct that the same be finished by the county judge or surrogate.

" § 3. Such local officer shall receive, for the services to be rendered by him under the provisions of this act, such compensation as shall be allowed to him by the board of supervisors of said county; all fees received by him for discharging any of the duties under this act, shall be paid to the county treasurer of said county, to be applied towards payment of county charges."

Section 73 of the Civil Practice Act is as follows: " Incapacity of county judge or special county judge. If the county judge is, for any cause incapable to act in an action or special proceeding pending in the county court, or before him, he must make, and file in the office of the clerk, a certificate of the fact; and thereupon the special county judge, if any, and if not disqualified, must act as county judge in that action or special proceeding. Upon the filing of the certificate, where there is no special county judge or the special county judge is disqualified, the action or special proceeding is removed to the supreme court, if it is then pending in the county court; if it is pending before the county judge it may be continued before any justice of the supreme court within the same judicial district."

By article VI, section 19, of the Constitution, a special county judge or special surrogate is forbidden to appear or act as counsel

for a defendant in any criminal case or proceeding pending in his own county or in any adjoining county. This provision would clearly prevent the special county judge of Sullivan county from appearing for the defendant in the County Court of Sullivan county. This provision is contained in a new section, approved at the general election in 1925.

Section 17 of the Judiciary Law provides as follows: " Judge prohibited from practicing in his court. A judge shall not practice or act as an attorney or counsellor in a court of which he is, or is entitled to act as a member, or in a case originating in that court." The wording of this section is clear, it requires no interpretation. The last portion of the section prevents a special county judge in Sullivan county from acting in a case originating in the Sullivan County Court.

The order appealed from should be reversed and an order granted declaring that Lazarus I. Levine, attorney for the defendant, who is special county judge of the county of Sullivan, is disqualified from acting in any case originating in the County Court of the county of Sullivan.

RHODES, J., concurs.

Order affirmed, with ten dollars costs and disbursements.