In the Matter of the Estate of JAMES H. ROBERTSON, Deceased.

Surrogate's Court, Washington County, July 21, 1941.

*Van Kirk & Dewell*, for the proponents.

CLEVELAND, Special Surrogate. The records in this proceeding indicate that on the 1st day of July, 1941, a petition by the executors named in the last will of the decedent for its probate and the issuance of letters testamentary to them, together with waivers and consents

of all the distributees were filed; that Herbert Van Kirk and Helen M. Lewis were witnesses to the will bearing the date of June 6, 1941, and gave testimony satisfactory to the clerk; and that Herbert Van Kirk appeared as attorney in person on behalf of the law firm of Van Kirk & Dewell for the proponents; and that the clerk of the Surrogate's Court thereupon issued letters testamentary to the attorneys for the proponents.

The proceeding was brought to my attention on July 9, 1941, by a request of the clerk to sign a *pro forma* decree, admitting the will to probate and authorizing issuance of letters testamentary, as special surrogate, because Herbert Van Kirk, the surrogate, had filed a certificate of disqualification on July 1, 1941, setting forth the reason that he drew the will.

I have declined to sign the decree upon the ground that neither the Washington county surrogate nor his law partner is entitled or authorized to practice law in the Washington County Surrogate's Court.

Section 17 of the Judiciary Law reads: " A judge shall not practice or act as an attorney or counsellor, in a court of which he is, or is entitled to act as a member, or in a case originating in that court."

Section 471 of the Judiciary Law provides: " The law partner or clerk of a judge shall not practice before him, as attorney or counsellor in any cause, or be employed in any cause which originated before him. A law partner of, or person connected in law business with a judge, shall not practice or act as an attorney or counsellor, in a court, of which the judge is, or is entitled to act as a member, or in a cause originating in that court; except where the latter is a member of a court, *ex officio*, and does not officiate or take part, as a member of that court, in any of the proceedings therein."

In *Schuster* v. *Raflowitz* (245 App. Div. 248) the prohibition of section 17 of the Judiciary Law was held by a three to two divided court not to apply to a special county judge and special surrogate in a County Court action. *A fortiori*, it would apply in the case of a surrogate, as in the proceeding at hand.

In the *Schuster* case (*supra*), in effect eliminating any possibility of distinction between the County Court and Surrogate's Court as to the applicability of section 17 of the Judiciary Law to the judge of either court, Justice HEFFERNAN, writing the majority opinion, states (at p. 250): " If the special county judge is disqualified rom acting in the pending cause then by the same token he is disqualified from ever practicing in the Surrogate's Court."

Again, referring to the same section, Justice HEFFERNAN states (at p. 249): " That section is clearly inapplicable. It prohibits

a judge from acting as an attorney or counselor ' in a court of which he is, or is entitled to act as a member.' The special county judge is not entitled to act as a member of that court as already pointed out." At page 250 the justice states: " Obviously that section applies to the duly selected county judge."

Section 471 of the Judiciary Law is headed: " Attorney who is judge's partner or clerk prohibited from practicing before him or in his court." The text of the statute is in accord with its heading, containing one exception, however, to wit: " Where the latter is a member of a court, *ex officio*, and does not officiate or take part, as a member of that court, in any proceedings therein." This exception would seem to apply to an appellate court where there are a number of judges or members of the court, as the reference to a judge as a member of a court patently does not apply where there is only one judge, as in a Surrogate's Court. To hold otherwise would allow a judge to do indirectly what he was prohibited from doing directly, and to harvest the forbidden fruit of practice in his own court by the simple device of having a law partner or clerk to whom he could direct clients whom he could not legally represent, and who had sought him out as the fountain of justice to directly administer their estates or claims.

Consequently, it appearing clear that under the statutes and the case cited neither the Washington county surrogate nor his law partner is authorized to practice in Washington County Surrogate's Court, I hold that the petition for the probate of this will and letters testamentary be denied and that the letters issued by the Surrogate's Court clerk be revoked, and it is so ordered.