■ MANSFIELD DRISKELL, Respondent, v. CHARLES ALFANO, Appellant.—In an action to recover damages for false arrest and false imprisonment, defendant appeals from a judgment of the Supreme Court, Rockland County, rendered February 19, 1960, after a nonjury trial, in favor of plaintiff. Defendant, an investigator in the employ of the Division of Licenses in the State Department of this State, in the course of executing his duties on July 7, 1955, observed what he thought were various violations of law committed in a barber shop owned by one Frazier. Frazier told defendant that he, Frazier, was Mansfield Driskell (the plaintiff), at the same time exhibiting Driskell's license as an apprentice barber, which was on the premises. Defendant accordingly procured a summons to be issued, directed nominally against Driskell. Frazier had similarly identified himself as Driskell to defendant on a previous occasion. Subsequently, after no one appeared in response to the summons, a bench warrant was issued by a Police Justice, directed against this plaintiff, and he, and not Frazier, was arrested. Plaintiff thereupon brought this action. The parties having waived findings of fact and conclusions of law, the trial court awarded $750 to the plaintiff, and simply directed entry of the judgment accordingly, without making any findings of fact. Judgment reversed on the law, without costs, and action remitted to the trial court for an appropriate decision, in accordance with section 440 of the Civil Practice Act, setting forth the facts which it deems essential to sustain the judgment to be entered. It is true that in a nonjury case the parties or their attorneys may waive all *formal* findings of fact and conclusions of law, as well as their privilege (under Civ. Prac. Act, § 439) to submit requests with respect to such formal findings. But such waiver cannot be extended so as to dispense with the decision of the trial court stating the essential facts on which the judgment is founded. No stipulation or waiver can eliminate the requirement of section 440 of the Civil Practice Act that the trial court shall render a decision, orally in open court or in writing, which "must state the facts which it deems essential" and that such "decision shall form part of the record." In a nonjury case an appropriate decision by the trial court in accordance with the statute (Civ. Prac. Act, §§ 440, 602) is necessary to insure both a proper adjudication in the trial court and an adequate review in the appellate courts. Such decision, therefore,

may not be omitted either by consent, waiver or inadvertence (*Mason* v. *Lory Dress Co.*, 277 App. Div. 660; *Steel Co. of So. Cal.* v. *Associated Metals & Mins. Corp.*, 277 App. Div. 687). Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.