■ David Dopp, Respondent, v George Crandall et al., Appellants.—Appeals from two judgments of the County Court of Hamilton County (Feldstein, J.), entered March 12, 1991 and March 18, 1991, upon a decision of the court in favor of plaintiff.

Plaintiff sought money owed to him for the cost of materials he used to install a concrete slab on defendants' property. Defendants counterclaimed for damages incurred to their car when defendant Susan Crandall backed over a small mound of leftover concrete while visiting the property. We find no evidence in the record to indicate that County Court abdicated its judicial role to plaintiff's attorney. Rather, the court was sensitive to the fact that defendants were appearing *pro se*

and took time to explain various procedures to them. In addition, the fact that plaintiff's attorney was a former Judge did not preclude him from representing plaintiff as the prohibitions in the Judiciary Law precluding such practice are inapplicable to this situation (see, e.g., Judiciary Law §§ 16, 17; see generally, Schuster v Raflowitz, 245 App Div 248). There is also no merit to defendants' contention with respect to County Court's failure to grant them the opportunity to submit proposed findings of fact pursuant to CPLR 4213 (a) in that defendants never made any such request thereby resulting in a waiver of their rights under that statute (see, Deeb v Drake, 184 AD2d 947; Driskell v Alfano, 12 AD2d 973). In any event, due to the rather uncomplicated nature of this case any error in this regard was harmless (CPLR 2001). Finally, County Court did not err in refusing to admit into evidence a repair estimate. We have considered defendants' remaining contentions and find them lacking in merit.

Weiss, P. J., Yesawich Jr., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgments are affirmed, with costs.