## EX PARTE MARGARET ANN SMITH

No. 32,695. November 2, 1960

*James J. Shown,* Houston, for relator.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr.* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an original application for habeas corpus.

Relator has been convicted in the State of Ohio and paroled to the State of Texas, supervision to be exercised over her by the parole authorities of this state.

A warrant has been issued by the Ohio authorities charging relator with being a parole violator and directing her return to the institution in Ohio to which she has been committed. This proceeding was instituted for the purpose of securing relator's release from custody and to prevent her being returned to Ohio.

The Uniform Act for Out-of-State Parolee Supervision (Art. 781c V.A.C.C.P. enacted in 1951) provides in part: "Sec. 2. The Governor of this State is hereby authorized and directed to execute a compact on behalf of the State of Texas with any of the United States legally joining therein in the form *substantially* as follows: - - -"

The compact set out in the statute provides that under certain circumstances a parolee may be permitted to reside in and be placed under supervision in another state which adopts the compact. The compact further provides: "(3) That duly accredited officers of a sending State may at all times enter a receiving State and there apprehend and retake any person on probation or parole. For that purpose no formalities will be required other than establishing the authority of the officer and

the identity of the person to be retaken. All legal requirements to obtain extradition of fugitives from justice are hereby expressly waived on the part of States party hereto, as to such persons. The decision of the sending State to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving State; * * * "

The Governor of Texas has executed the compact as authorized and directed by the legislature, and the State of Ohio is a party to the compact.

The Congress of the United States has consented to any two or more states entering into such a compact. 4 U.S. C.A., Sec. 111.

The statute authorizing and directing the Governor of Texas to execute the compact on behalf of this state is attacked as unconstitutional, the ground being that because of the use of the word "substantially" the statute is a delegation of legislative authority to the executive branch of government.

No authority is cited in support of such contention and we know of none.

"Substantially," as used in this statute, we understand means all that is necessary or essential. The statute in effect requires that the compact to be executed by the Governor embody the substance of the form set out therein, but does not require that it be in the exact words set out in the statute.

There is no suggestion that the compact executed varies in any material manner from the language of the statute.

The application for habeas corpus is denied.