EX PARTE JAMES R. CANTRELL

No. 34,999.   November 21, 1962.

*John Knoff,* Houston, for appellant.

*Frank Briscoe,* District Attorney, by *Samuel H. Robertson, Jr.,* Asst. District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The appellant, James R. Cantrell, is a parolee from the State of California who was accepted by the State of Texas for supervision under the Uniform Act for Out of State Parolee Supervision (Art. 781c V.A.C.C.P.) Both states are parties to the compact authorized by the Congress of the United States.

The appellant is under indictment in three felony cases in Harris County, Texas. He is held in custody upon order of the administrator of the compact for the State of Texas reciting that he has violated the conditions of his parole and ordering that he be held in custody until the State of California shall take him into custody under authority of a revocation warrant issued by the proper authorities of the State of California. He is also held in custody under capiases issued in the three Harris County felony cases.

The writ of habeas corpus having issued, hearing was held at the conclusion of which the appellant was remanded to custody of the Sheriff of Harris County to be held by him in the Harris County Jail until the Harris County causes are disposed of "and at such time the said respondent * * * sheriff will deliver the said James R. Cantrell to the custody of the agent of the State of California to be by said officer returned to the State of California as a parole violator."

This is an appeal by James R. Cantrell from said order.

The trial court did not err in remanding the appellant to custody.

Art. 781c, Sec. 2, Par. 2 and 3, V.A.C.C.P., provides:

"(2) That each receiving State will assume the duties of visitation of and supervision over probationers or parolees of any sending State and in the exercise of those duties will be governed by the same standards that prevail for its own probationers and parolees."

"(3) That duly accredited officers of a sending State may at all times enter a receiving State and there apprehend and retake any person on probation or parole. For that purpose no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. All legal requirements to obtain extradition of fugitives from justice are hereby expressly waived on the part of States party hereto, as to such persons. The decision of the sending State to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving State; provided, however, that if at the time when a State seeks to retake a probationer or parolee there should be pending against him within the receiving State any criminal charge, or he should be suspected of having committed within such State a criminal offense, he shall not be taken without the consent of the receiving State until discharged from prosecution or from imprisonment for such offense."

Sec. 21 of Art. 781d V.A.C.C.P. provides:

"Upon order by the Governor, the Board is authorized to issue a warrant for the return of any paroled prisoner to the institution from which he was paroled. Such warrant shall authorize all officers named therein to return such paroled prisoner to actual custody in the penal institution from which he was paroled. Pending hearing, as hereinafter provided, upon any charge of parole violation, the prisoner shall remain incarcerated in such institution."

Under these provisions of the Uniform Act for Out of State Parolee Supervision (Art. 781c V.A.C.C.P., and the Adult Probation and Parole law of 1957 (Art. 781d V.A.C.C.P.) a parolee from another state who is being supervised in this state may be held in custody upon order of the administrator of the compact for the State of Texas until a revocation warrant can be obtained from the sending state, and such parolee is not to be admitted to bail while the sending state is in the process of returning him to its jurisdiction. (Attorney General Opinion No. WW989, Dated Jan. 24, 1961, properly we think, so construed the statutes mentioned.)

Under the provisions of Art. 781c above quoted, the pending criminal charges against appellant make it necessary that this state consent.

The effect of the court's order was to remand appellant to

custody as a parole violator and to consent for Texas that he might be returned to California subject, however, to the felony cases pending against him in Harris County being first disposed of.

So construed, the judgment of the trial court is affirmed.