Glen SHULL, Appellant,

v.

John W. WINGO, Warden, etc., Appellee.

Court of Appeals of Kentucky.

Oct. 31, 1969.

Joseph G. Glass, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., James Barr and David Murrell, Asst. Attys. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellant's petition for a writ of habeas corpus was dismissed on appellee's motion in the trial court and we affirm that order. The petition probably should have been dismissed for failure to state sufficient facts which would justify relief. However, the appellee by pleading and exhibits has rectified this deficiency and we will state what appears from the record.

On August 21, 1964, appellant was paroled from an Ohio correctional institution and he was accepted by the Commonwealth under the Uniform Act for Out-of-State Parolee Supervision. KRS 439.560. On November 30, 1965, in the Daviess Circuit Court he was convicted of possessing burglary tools and sentenced to six years in the Eddyville penitentiary. He appealed this conviction and was freed on bond.

On March 2, 1966, he was tried on a criminal charge in Jefferson County and acquitted. He was held there on a parole violation warrant from Ohio until May 20, when he was released to the Ohio authorities. This action was taken on the authorization of the Department of Corrections acting under the Interstate Parole Compact.

He subsequently returned to this state and on July 25, 1969, was committed by the Daviess Circuit Court to the penitentiary to serve his sentence. (His appeal had been dismissed.)

It is appellant's contention that Kentucky waived or forfeited its right to have him serve his sentence when the state released him to the Ohio authorities under the doctrine set forth in Jones v. Rayborn, Ky., 346 S.W.2d 743 (1961), Davis v. Harris, Ky., 355 S.W.2d 147 (1962) and Thomas v. Schumaker, Ky., 360 S.W.2d 215 (1962). Those cases stand for the proposition that the state forfeits its jurisdiction when local authorities release a prisoner to another state without following proper administrative or statutory procedures. See Crady v. Cranfill, Ky., 371 S.W.2d 640 (1963).

The trouble with appellant's argument is that proper statutory procedure was followed. Under Article 3 of the Interstate Parole Compact, authorized by KRS 439.-560, (to which both Kentucky and Ohio are parties) the legal requirements to obtain extradition of fugitives from justice are expressly waived and the duly accredited officers of the sending state (Ohio) may apprehend and retake a parolee without formality. There is the additional provision that if a criminal charge is pending against the parolee in the receiving state (Kentucky), he shall not be retaken "without the consent" of such state.

It may be debatable whether Kentucky's consent was required (appellant claims a "criminal charge" was pending against him while his appeal from the Daviess County conviction was pending). Assuming it

was, it was given by the proper state authority, the Department of Corrections acting under the Interstate Parole Compact. (Apparently this "consent" is for the benefit of the state, not the parolee.)

■ Appellant contends that the state did not follow the procedure set forth in the "Uniform Criminal Extradition Act", particularly KRS 440.250 and 440.330. Those statutes relate to extradition procedures involving fugitives from justice. Parolees under the Interstate Parole Compact are in a different category. In any event, as above noted, Article 3 of that Compact expressly waives extradition procedures insofar as parolees are concerned. Of course Kentucky would be violating that Compact if it required Ohio to demand extradition under the Uniform Criminal Extradition Act.

We can find no waiver or forfeiture of the Commonwealth's right to compel appellant to serve his sentence.

The judgment is affirmed.

All concur.