**Ex parte Joe Ed WOMACK.**

**No. 43018.**

Court of Criminal Appeals of Texas.

May 20, 1970.

Bob Heath, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order entered in a habeas corpus proceedings in the 183rd District Court of Harris County, Texas.

The appellant is a parolee from the State of Louisiana who was accepted by the State of Texas for supervision under the Uniform Act for Out of State Parole Supervision (Article 42.11, Vernon's Ann.C. C.P.), both states being parties to the compact authorized by the Congress of the United States.

This appeal presents the question of whether such an out of state parolee may be held without bail upon a revocation of parole warrant from the sending state.

The writ of habeas corpus having issued, a hearing was held on February 13, 1970, at which it was shown that the appellant was permitted to come to Texas for parole supervision pursuant to Article 42.11, supra, on August 9, 1967. It was further shown that subsequent to that time appellant was convicted of four felony offenses in Harris County from which convictions the appellant had given notice of appeal and executed appeal bonds in each case.[1] On June 27, 1969, a Louisiana revocation of parole warrant was sent to the authorities in Harris County. On October 16, 1969, a fugitive from justice complaint was filed in a Harris County Justice of the Peace Court, but such complaint was subsequently "dismissed" on October 20, 1969.

It was then established that the appellant was being held in custody by the Harris County Sheriff only by virtue of the said Louisiana warrant.

In addition to identification by the use of fingerprints the State called Walter Eckman, a Texas parole officer, who under the interstate compact supervised the parole of the appellant in Texas. Eckman identified the appellant as the Louisiana parolee under his supervision. Through this officer-witness the State offered into evidence the official records of the Texas Board of Pardons and Paroles concerning this appellant including the certificate of parole, the conditions of parole signed by the appellant agreeing to waive extradition. The record also included an "agreement to return" wherein the appellant, among other things, agreed that in consideration for the privilege of being paroled to Texas he would waive extradition upon any violation of parole conditions and further agreed to return at any time when duly instructed to do so by the Louisiana authorities and not to contest any effort made to return him to that state.

The State also introduced into evidence the interstate compact for parole supervision entered into by Louisiana and Texas.

Article 42.11, supra, provides in part as follows:

"(2) That each receiving State will assume the duties of visitation of and su-

---

1. Such appeals have not been filed in this Court as of this date.

pervision over probationers or parolees of any sending State and in the exercise of those duties will be governed by the same standards that prevail for its own probationers and parolees.

"(3) That duly accredited officers of a sending State may at all times enter a receiving State and there apprehend and retake any person on probation or parole. For that purpose no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. All legal requirements to obtain extradition of fugitives from justice are hereby expressly waived on the part of States party hereto, as to such persons. The decision of the sending State to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving State; provided, however, that if at the time when a State seeks to retake a probationer or parolee there should be pending against him within the receiving State any criminal charge, or he should be suspected of having committed within such State a criminal offense, he shall not be retaken without the consent of the receiving State until discharged from prosecution or from any imprisonment for such offense."

At the conclusion of the hearing the Honorable Joseph M. Guarino entered an order denying bail and remanding the appellant to custody of the Harris County Sheriff to be held without bond "until tried and discharged or convicted and punished in the state regarding the local Harris County cases" (giving the cause numbers) "and thereafter to be delivered to the demanding state of Louisiana and as a Parole Violator."

In light of the record before us, the trial court did not err in remanding the appellant to custody. Ex parte Cantrell, 172 Tex.Cr.R. 646, 362 S.W.2d 115; Ex parte

Smith, 170 Tex.Cr.R. 188, 339 S.W.2d 671; Cook v. Kern (5 Cir.) 330 F.2d 1003; Curtis v. Bennett (8th Cir.) 351 F.2d 931.

The judgment is affirmed.