ROBERT LEE WHITE *v.* R. CALVIN HALL, Sheriff,
Worcester County, Maryland

[No. 664, September Term, 1971.]

*Decided June 5, 1972.*

The cause was argued before MORTON, THOMPSON and
MOYLAN, JJ.

*Dean Jenkins* for appellant.

*David B. Allen, Assistant Attorney General,* with whom
were *Francis B. Burch, Attorney General, James L.
Bundy, Assistant Attorney General, John L. Sanford, Jr.,
State's Attorney for Worcester County,* and *Joseph E.
Moore, Deputy State's Attorney for Worcester County,*
on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Robert Lee White, the appellant, sought habeas corpus relief under Md. Code, Art. 41, § 25, from a warrant of rendition issued by the Governor of Maryland on demand of the Governor of Nevada. The writ was denied by Judge Daniel T. Prettyman sitting in the Circuit Court for Worcester County. On appeal, as below, he contends the rendition warrant was improperly issued because: (1) there was no copy of the indictment or warrant attached to the demand for extradition; and (2) the affidavits attached to the demand were made on information and belief and not on personal knowledge.

## I Compliance with Statute

In making both contentions, White fails to distinguish between two factual situations contemplated by the statutory provisions of Md. Code, Art. 41, § 18,[1] i.e. between the case where the accused has already been convicted of a crime and not yet completed his sentence and the case where he has not yet been convicted. Those portions of the statute dealing with an accused who has not yet been convicted do require that a copy of the indictment, etc. be furnished and be supported by affidavit, but the second part of the statute apposite here, requires only "a copy

---

1. "No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing alleging, except in cases arising under § 21, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a justice of the peace or magistrate there, together with a copy of any warrant which was issued thereupon; *or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole.* The indictment, information, or affidavit made before the magistrate or justice of the peace must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand." (Emphasis added).

448

of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority [2] of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole."

In the instant case, a copy of the judgment of conviction as a habitual criminal, dated March 18, 1966, was attached to the demand. The document disclosed the imposition of a sentence for a maximum term of fifteen years and was accompanied by a statement of the Governor of Nevada that the accused had violated the terms of his parole. Since the relevant portion of the Maryland statute requires neither a copy of the indictment nor affidavit, both of the appellant's contentions must fail. Section 18, *supra,* is a part of the Uniform Criminal Extradition Act which has been adopted in Maryland and in the great majority of other states. Am.Jur.2d Desk Book (1971 Cum. Sup.), Doc. No. 129. Our holding is supported by the decisions of other courts construing the Act.[3]

## II Waiver

The record shows that White signed the following agreement when he was paroled:

"I do hereby waive extradition to the State of Nevada from any State in the Union, and from any territory or country outside the continental United States, and also agree that I will not

2. Executive authority is defined in § 16 to include the Governor or anyone performing the functions of a Governor.

3. *Application of Kirk,* 6 Ariz. App. 238, 431 P. 2d 678; *Travis v. People,* 135 Colo. 141, 308 P. 2d 997; *Pecnik v. Blackburn,* (Fla.), 132 So. 2d 604; *Frazier v. Grimes,* 221 Ga. 375, 145 S.E.2d 39. *Steadman v. State,* 36 Ala. App. 253, 54 So. 2d 633 appears *contra;* the Court was not, however, construing the Uniform Act. Our holding is also supported by *Blasi v. State,* (Fla.), 192 So. 2d 307 and *Jeffers v. State,* 217 Ga. 740, 124 S.E.2d 753, where extradition was sought for violation of probation as well as by the following cases where extradition was sought to return an escapee: *Holmes v. People,* 169 Colo. 371, 456 P. 2d 731, *Smith v. Nye,* 176 Kan. 679, 272 P. 2d 1079 and *Huff v. Ayers,* 6 N. J. Super. 380, 71 A. 2d 392.

contest any effort to return me to the United States or to the State of Nevada. I have read, or have had read to me, the foregoing conditions of my parole, and I fully understand them and I agree to abide by and strictly follow them, and I fully understand the penalties involved should I in any manner violate the foregoing conditions."

The validity of such a waiver has been upheld under the Interstate Parole Compact in *Ex Parte Casemento,* 49 A. 2d 437, (Court of Common Pleas of New Jersey, Essex County) ; see also *Shull v. Wingo,* (Ky.), 446 S.W.2d 645. We see no reason why waiver should not be enforced under the Uniform Extradition Act. A waiver under the latter act was held valid in *Woods v. Steiner,* 207 F. Supp. 945, (D. Md. 1962) although in that case the validity was not directly challenged.

*Judgment affirmed.*