Ex parte Hobert L. CHAMBERS.

No. 50486.

Court of Criminal Appeals of Texas.

July 23, 1975.

Warwick H. Jenkins, Jenkins & Jenkins, Waxahachie, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

This is an appeal from an order entered in a habeas corpus proceeding in the 40th District Court of Ellis County.

The trial court ordered appellant remanded to the custody of Odell Smith, Sheriff of Roosevelt County, New Mexico, but stayed the execution of this order for ten days, allowing appellant time to make this appeal.

The basis of the trial court's decision was the judge's belief that appellant was covered by the Uniform Act for Out-of-State Parole Supervision, Art. 42.11, Vernon's Ann.C.C.P. This article provides that persons convicted in other jurisdictions may be released to this State, and Texas will assume supervision of such parolees or probationers. The Act also provides:

"(3) That duly accredited officers of a sending State may at all times enter a receiving State and there apprehend and retake any person on probation or parole. For that purpose no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken." Sec. 2(3).

The trial court found:

"1. That Odell Smith is the Sheriff of Roosevelt County, New Mexico, is present in Court with a Warrant for the arrest of Hobart L. Chambers: and

"2. That Hobert L. Chambers, Petitioner herein, is one and the same person as Hobart L. Chambers named in such Warrant."

These findings are supported by the evidence, but there is no showing that appellant was ever turned over to the State of Texas to be subject to its supervision.

In *Ex parte Womack,* Tex.Cr.App., 455 S.W.2d 288, this Court affirmed the trial judge's decision to remand Womack to the custody of the Harris County sheriff. Womack was being held by virtue of a parole revocation warrant from the State of Louisiana. The writ of habeas corpus having issued, a hearing was held at which appellant was identified by a Texas parole officer as a Louisiana parolee under his supervision. The State also offered the official records of the Texas Board of Pardons and Paroles concerning Womack, including the certificate of his parole.

We do not hold that the procedure in *Womack, supra,* be followed strictly in every case involving Art. 42.11, but before the simple procedure described in that statute can be used to return a parolee or probationer to the jurisdiction of his conviction, there must be evidence that the Act is applicable.

There being no showing that appellant was being supervised in this State under the Uniform Act for Out-of-State Parole Supervision, appellant must be extradited. Art. 51.13, Sec. 3, V.A.C.C.P.

The judgment of the trial court is reversed and appellant is ordered released from custody.

Opinion approved by the Court.