**Ex parte David Robert JOHNSON.**

**No. 65933.**

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 23, 1980.

Rehearing Denied Feb. 11, 1981.

Pete Gilfeather, Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, and James J. Heinemann, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and TOM G. DAVIS, JJ.

OPINION

DOUGLAS, Judge.

This is a habeas corpus proceeding. The applicant, David R. Johnson, seeks discharge from an order to return him to the State of Illinois by the Honorable Byron Matthews, Judge of the Criminal District

Court No. 1 of Tarrant County. This is neither a typical extradition proceeding nor one under the Uniform Act for Out-of-State Parole Supervision, Article 42.11, V.A. C.C.P. This involves an agreement to waive extradition.

Johnson was convicted for a felony offense in Illinois. He entered into a parole agreement with the Parole and Pardon Board of the State of Illinois which contained, among others, the following provisions:

> "Serve parole in Virginia only; if not accepted, to be returned to the board...."

and

> "I do further agree that, should I be charged with a violation of my Illinois parole or should I be in another state, I will waive extradition and will not resist being returned to an Illinois Correctional Center."

August 5, 1980, Johnson was arrested in Tarrant County for being intoxicated in a public place. While he was in custody for that offense, the officers were notified by the authorities in Illinois that he was wanted for violation of his parole. He was held until a hearing on the application for writ of habeas corpus was held.

■ Johnson contends that the hearing judge erred in ordering him to be delivered to the authorities of the State of Illinois because he had never been transferred to Texas for parole supervision under the provisions of the Uniform Act of Out-of-State Parole Supervision.

Even though he had not been transferred to Texas for supervision, we hold that his agreement to voluntarily return to the State of Illinois for parole violation is sufficient for the hearing court's order.

He relies upon *Ex parte Chambers*, 525 S.W.2d 191 (Tex.Cr.App. 1975). That case is not in point. The opinion stated that Chambers was ordered to be delivered to the custody of a sheriff to be returned to New Mexico under Article 42.11, V.A.C. C.P., but Chambers had never been under the supervision of Texas for such parolees.

The Court held that a New Mexico sheriff was not entitled to arrest one in Texas for parole or probation violation where a defendant was not being supervised under Article 42.11, supra. The *Chambers* case did not involve an agreement to return to New Mexico for a parole violation.

Johnson also contends that he had been arrested in Dallas earlier and had been turned out. As above noted, he was under arrest in Tarrant County when the officials there received notice that he was wanted as a parole violator. When the hearing court was shown that he had agreed to return to the State of Illinois, his return was ordered, but not under the Uniform Act for the supervision of parolees.

There are cases from other jurisdictions in which waivers of extradition have been recognized and enforced without the necessity of formal extradition proceedings.

*Cook v. Kern*, 330 F.2d 1003 (5th Cir. 1964), is a case where an Illinois parolee signed a pre-release waiver of extradition, then absconded to Texas; the Texas sheriff arrested him on the basis of the Illinois parole violation warrant. There it was held inter alia, citing *U. S. ex rel Simmons on Behalf of Gray v. Lohman*, 228 F.2d 824 (7th Cir. 1955), a parolee is not deprived of any constitutional right by enforcement of his prior waiver of extradition as a condition of parole. The court noted particularly the Texas Uniform Parolee Supervision statute (now Article 42.11, V.A.C.C.P.) under which the State proceeded:

> "Appellant contends that by proceeding under the Texas Uniform Parolee Supervision statute, Tex.Code Crim.Proc. art. 781c § 2(3), the State has denied him rights under the Texas extradition Law, Tex.Code Crim.Proc. Art. 1008a. Appellant argues that he has been deprived of his right to counsel, habeas corpus, bail, and 'his fundamental rights under the Fourteenth Amendment to the Constitution * * *.'

> "Whatever the benefits appellant might have enjoyed under the Texas Extradition Statute, he has not been de-

prived of a federally protected right; therefore, the writ was properly denied. See *Frisbie v. Collins,* 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *Pettibone v. Nichols,* 203 U.S. 192, 27 S.Ct. 111, 51 L.Ed. 148 (1906); *Munsey v. Clough,* 196 U.S. 364, 25 S.Ct. 282, 49 L.Ed. 515 (1905);

"'* * * [h]aving entered into such [parole] agreement, it is not discernible how or in what manner his constitutional rights are violated when it is sought, upon a violation, to obtain his return. Assuming, however, contrary to what we think that any constitutional right is involved, it is waived by the agreement which the parolee makes with the State.' 228 F.2d at 826."

This points out the clear difference as perceived in *Ex parte Chambers,* supra, and that is that the New Mexico authorities cannot come into Texas and, unrestricted, arrest and reconfine a parolee who is not being supervised by Texas under the Compact but Texas can apprehend and remand through its own authorities an absconding parolee who has signed a pre-release waiver of extradition, to the state granting parole, under either the authority of the Uniform Compact or the Uniform Criminal Extradition Act.

The point is made abundantly clear in a number of cases which recognize that the very nature of the pre-release waiver is by its own terms non-exclusive. *Pierson v. Grant,* 527 F.2d 161 (8th Cir. 1975):

"Appellant argues that in order for a waiver of extradition to be valid there must be compliance with the procedures set forth in Section 25–A of the UCEA. That section provides that a person may waive the extradition procedures provided for in the UCEA if such waiver is made in the presence of a judge and if the judge has informed the person of his rights under the Act. Appellant contends that, absent other statutory provisions on waiver, and thus, since there was admittedly no compliance with the UCEA procedures, the waiver was invalid as a matter of law.

"However, Section 25–A contains the following proviso:

" '[P]rovided, however, that nothing in this Section shall be deemed to limit the rights of the accused person to return voluntarily and without formality to the demanding state, *nor shall this waiver procedure be deemed to be an exclusive procedure or to limit the powers, rights or duties of the officers of the demanding state or of this state.* (Emphasis added)

"Advance waivers of extradition in circumstances similar to those of this case have been upheld in a number of cases. See, e. g., *Forester v. California Adult Authority,* 510 F.2d 58, 61 (8th Cir., 1975); *White v. Hall,* 15 Md.App. 446, 291 A.2d 694, 696 (1972); *Ex parte Casemento,* 24 N.J.Misc. 345, 49 A.2d 437–439–40 (Ct. Common Pleas 1946). We find no basis for concluding that a pre-release waiver of extradition executed as a condition of parole must conform to a procedure which by its own terms is non-exclusive."

It can thus be seen that the trial court had ample authority and precedence in remanding appellant to the Tarrant County sheriff for delivery to the Illinois authorities.

The following state cases also support the proposition that prior waivers of extradition as a condition of parole are enforceable and provide an alternative to extradition or waiver under the UCEA:

*Schwartz v. Woodahl,* 157 Mont. 479, 487 P.2d 300 (1971); *White v. Hall,* 15 Md. App. 446, 291 A.2d 694 (1972); *In re Williams,* 472 S.W.2d 779 (Tex.Cr.App. 1971); *State ex rel. Swyston v. Hedman,* 288 Minn. 530, 179 N.W.2d 282 (1970); *State ex rel. Morris v. Tahash,* 262 Minn. 562, 115 N.W.2d 676 (Minn.1962); *Madden v. Simmons,* 92 So.2d 922 (Ala.App. 1957); *Pierce v. Smith,* 31 Wash.2d 52, 195 P.2d 112 (1948), cert. den. 335 U.S. 834.

These cases have dealt with waivers as a condition of parole. We hold that formal extradition proceedings are not necessary to the return of absconding parolees or probationers who have signed a prior

waiver of extradition as a condition to their release.

The relief sought is denied.