STATE of Iowa, Appellant,

v.

James Douglas HILL, Appellee.

No. 68667.

Supreme Court of Iowa.

June 15, 1983.

Thomas J. Miller, Atty. Gen. and Mary Jane Blink, Asst. Atty. Gen., for appellant.

Luis Herrera, Des Moines, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, LARSON, and CARTER, JJ.

CARTER, Justice.

This appeal is here as a result of our prior action granting the State's request for discretionary review of an order setting bail.

The appellee, James Douglas Hill, is a parolee from a sentence of imprisonment imposed following his conviction of a crime in the state of Nevada. Sometime in 1980, he was accepted for supervision in Iowa under the Interstate Probation and Parole Compact, Iowa Code section 247.40 (1981). On May 20, 1982, parole authorities from Nevada issued a "warrant for retaking paroled prisoners" reciting that appellee had violated the terms of his parole and ordering that he be retaken, held without bond, and returned to the custody of the warden of the Nevada State Prison.

On the strength of this warrant, the appellee was arrested by Iowa officials and placed in the Polk County jail to await the arrival of officers sent by the state of Nevada to effect his return to prison in that state. Appellee thereafter requested to be released on bail. That request was granted, and he was ordered to be released on his personal recognizance subject to supervision. He was also given a date upon which to again surrender himself.[1]

A subsequent motion of the State urging that appellee was ineligible for release on bail was denied by the trial court. We granted discretionary review of that order.

I. *Mootness.*

■ The date upon which appellee was to surrender to custody has since passed, and therefore, any issue concerning his right to remain free on bail is now moot. A case is moot if it no longer presents a justiciable controversy because the issues involved are academic or nonexistent. *Women Aware v. Reagen,* 331 N.W.2d 88, 92 (Iowa 1983); *Hamilton v. City of Urban-*

dale, 291 N.W.2d 15, 17 (Iowa 1980). An exception to the mootness doctrine exists with respect to questions of a public nature which present a likelihood of recurrence thereby suggesting the desirability of an authoritative adjudication of the issue by an appellate court. *Women Aware,* 331 N.W.2d at 92; *State ex rel. Turner v. Buechele,* 236 N.W.2d 322, 324 (Iowa 1975). We find that the present case meets this criterion and therefore consider the appeal on the merits.

II. *Appellee's Eligibility for Release on Bail.*

■ The narrow question presented on appeal is whether a parolee from another state, who resides in Iowa under the supervision of Iowa parole authorities, and who, after violating the terms of his parole, is arrested pursuant to a warrant for retaking prisoners which specifies he may not be admitted to bail, may be admitted to bail in Iowa pending his transfer back to the issuing state. Iowa has adopted the Interstate Probation and Parole Compact which provides as follows:

2. That each receiving state will assume the duties of visitation of and supervision over probationers or parolees of any sending state and in the exercise of those duties will be governed by the same standards that prevail for its own probationers and parolees.

3. That duly accredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any person on probation or parole. For that purpose no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. All legal requirements to obtain extradition of fugitives from justice are hereby expressly waived on the part of states party hereto, as to such persons. The decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving

---

[1]. This surrender date was timed to coincide with the anticipated arrival of the agents of the sending state.

state. Provided, however, that if at the time when a state seeks to retake a probationer or parolee there should be pending against him within the receiving state any criminal charge, or he should be suspected of having committed within such state a criminal offense, he shall not be retaken without the consent of the receiving state until discharged from prosecution or from imprisonment for such offense.

Iowa Code §§ 247.40(2) and (3) (1981).

Appellee argues that subsection (2) of the compact allows Iowa to admit the Nevada parolee to bail if he would qualify for admittance to bail under the standards which Iowa applies to its own probationers and parolees. Because Iowa Code section 908.2 (1981) provides that an alleged parole violator may be released on bail, he reasons that the trial court had the power to release him on bail also. The State on the other hand urges that the language of the interstate compact which provides that "the decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state" embraces the decision of the sending state to deny a parolee bail upon retaking. It argues from this premise that the district court exceeded its authority in admitting appellee to bail in the present case.

We have found three decisions which lend support to the State's interpretation of the interstate compact and none which support that of the appellee. The State's argument finds support in *Ogden v. Klundt,* 15 Wash. App. 475, 478, 550 P.2d 36, 39 (1976); *Ex Parte Womack,* 455 S.W.2d 288, 290 (Tex. Cr.App.1970); and *Ex Parte Cantrell,* 172 Tex.Cr.R. 646, 362 S.W.2d 115, 116–17 (Tex. Cr.App.1962). Appellee suggests that the denial of bail to the out-of-state parolees in the cited cases was based on the domestic law of the receiving state rather than the language of the interstate compact upon which the State relies in the present case. He reiterates his argument that Iowa's domestic law .unlike the domestic law of Washington and Texas, does permit the release of parole violators on bail following their apprehension. We do not read the cited cases as narrowly as the appellee. Moreover, we independently adopt the interpretation of the interstate compact which is proposed by the State, regardless of the rationale of the Washington and Texas decisions.

Under the interstate compact, if the agents of the sending state apprehend a parolee in a receiving state following a parole violation, they may hold him in their custody pending return to the sending state. For purposes of determining appellee's status in the present case, we believe that the Iowa authorities should be considered as agents of the sending state. As such, they are bound by the decision of the sending state with respect to whether the apprehended parolee should be admitted to bail and the courts of the receiving state should recognize that fact. Such an interpretation serves to promote comity among those states which are members of the compact.

Based on the foregoing conclusions, the order of the district court admitting appellee to bail is reversed.

REVERSED.