THE STATE, DEFENDANT IN ERROR, v. FRANK STEVENS, PLAINTIFF IN ERROR.

Submitted March 20, 1913—Decided June 3, 1913.

The defendant was indicted and having entered a plea of not guilty, waived his right to a trial by jury and consented to be tried before the court without a jury. *Held,* that the right of an accused person to a trial before an impartial jury reserved to him by article 1, paragraph 8 of the constitution, is a personal privilege only, which he may waive, and where the record shows that he waived a jury, and the state having consented thereto, the trial was proceeded with and judgment of conviction entered, the accused was not entitled to a reversal upon the ground that the court had no jurisdiction to try him without a jury.

On error to Hudson Oyer and Terminer.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KALISCH.

For the defendant in error, *Pierre P. Garven,* prosecutor of the pleas.

For the plaintiff in error, *Alexander Simpson.*

The opinion of the court was delivered by

BERGEN, J. The defendant was indicted in the Hudson Oyer and Terminer for atrocious assault and battery. The record shows that this indictment was sent to the Court of Quarter Sessions for trial; that the defendant appeared before the court and waived his right of trial by jury, and requested the Court of Quarter Sessions that he be tried by the court without a jury, and that the prosecutor of the pleas consenting thereto, the defendant was tried before the court without a jury and convicted, and that judgment has been brought to this court for review, under section 136 of the Criminal Procedure act.

The defendant has specified two causes upon which he

relics for a reversal of the judgment, the first of which is that the Court of General Quarter Sessions was without jurisdiction to try the defendant because there is nothing in the return to show that the defendant by any writing waived his right to a trial by jury, and second, that the court should have acquitted the defendant upon the evidence. As to the second specification, it is sufficient to say that there was evidence which justified the conviction, and therefore there was no error in refusing to direct an acquittal.

Under the first cause specified, the defendant argues that the defendant, in a criminal prosecution, has the constitutional right to a trial by jury, and that this right cannot be waived in the Court of General Quarter Sessions, because there is no statute which authorizes that court to try one accused of crime without a jury, and, therefore, even if the defendant did waive a jury, the court was deprived of the jurisdiction which it exercised in trying and convicting the defendant.

It cannot be denied that the Court of General Quarter Sessions of the Peace has jurisdiction to try and determine indictments like the one in the present case, and if the defendant had been tried before a jury duly impaneled, no question of the correctness of the proceeding in that particular could arise. But the defendant in this case insists that in the absence of any statute authorizing it, the defendant could not waive a jury trial, and when the court permitted him to do it and proceeded to try the indictment without a jury, it was exercising a jurisdiction not committed to it, and this would be so, perhaps, if the defendant could not lawfully waive his right to a trial by jury.

The defendant relies upon paragraphs 8 and 9 of article 1 of the constitution of the state, entitled "Rights and Privileges." Section 8 declares that in all criminal prosecutions, the accused shall have the right to a speedy trial by an impartial jury, and section 9 declares that no person shall be held to answer for a criminal offence unless on the presentment of an indictment of a grand jury, except in certain cases.

In our opinion these rights and privileges are intended to secure to all citizens, as a personal right, the privileges so enumerated, and that so far as his right to a trial by jury is concerned, he may waive it. It was held in *Edwards* v. *State,* 16 *Vroom* 419, that the legislature might by law create a special court in which one accused of a crime might not only waive his right to a trial by jury, but also dispense with an indictment by a grand jury. If a defendant in a criminal case is without power under the constitution to waive a trial by jury, it would be prohibitory in all cases, for clearly the legislature could not violate the constitution by simply creating a different court, and if a defendant cannot waive a trial by jury, no legislation could confer upon him that power.

Mr. Justice Depue, in the case last cited, said: "Both of these provisions were designed for the security of the personal rights of the individual by exempting him, as a person, from conviction upon a criminal accusation otherwise than is declared in the constitution, and the framers of that instrument aptly placed both under the class of 'Rights and Privileges.' We can see no force in the argument that the accused may waive a trial by jury and not waive the other constitutional privilege of having the accusation against him first passed upon and found by a grand jury. If his waiver is effective in the one instance, it must be in the other. Both provisions are provisions made for the benefit of the accused, and both are subject to that fundamental rule of law that a person may renounce a provision made for his benefit, and to that maxim *quilibet potest renunciare juri pro se introducto,* which applies as well to constitutional law as to any other."

We think that the right of an accused person to a jury trial is a privilege reserved to him by the constitution, but that he is not prohibited from waiving that right. In *State* v. *Raney,* 34 *Vroom* 363, the court had before it the question whether a defendant in a criminal case could waive his right or privilege to "have the assistance of counsel in his defence," as declared in paragraph 8. article 1 of the constitution, and Chief Justice Magie, speaking for this court, citing *Edwards*

v. *State, supra,* said: "This section confers upon accused persons rights and privileges for his benefit, and it is settled in this court that an accused may waive and renounce the provision made for his benefit."

We are of opinion that under the rule established in this court by the cases cited, a defendant who has been indicted for a crime may waive his right to a jury trial and consent that the facts may be determined by a court, which has jurisdiction over the trial and punishment of the crime described in the indictment, and that, as this record shows that the defendant waived a trial by jury and proceeded to a trial before the court without a jury, he has no legal ground to complain of the procedure to which he thus assented.

The judgment will be affirmed.