No. 41,812

Dock J. Hunt, Jr., *Appellant,* v. Tracy A. Hand, Warden, Kansas State Penitentiary, Lansing, Kansas, *Appellee.*

(352 P. 2d 1)

Opinion filed May 14, 1960.

Appellant was on the brief *pro se.*

*J. Richard Foth,* Assistant Attorney General, argued the cause, and *John Anderson, Jr.,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This is an appeal from an order denying an application for a writ of habeas corpus.

From the record before us, the following facts appear:

In November, 1955, petitioner was convicted in the district court of Finney county of two counts of forgery in the second degree, and

was sentenced on each count to confinement in the penitentiary for a term of not more than ten years, the sentences to run concurrently.

After serving a portion of his sentence petitioner was, on October 25, 1956, paroled on a detainer from the state of Tennessee, and was delivered over to the authorities of that state to be placed on trial on charges there pending against him. He was convicted of the criminal charges in Tennessee and committed to the penitentiary in that state.

On December 15, 1958, petitioner was released from the penitentiary in Tennessee and went to the state of Oregon. Apparently he became involved in trouble with Oregon authorities, and on August 7, 1959, was declared delinquent by the Kansas State Board of Probation and Parole, and was returned to Kansas through extradition proceedings. On October 2, 1959, following a hearing, petitioner was found by the Kansas State Board of Probation and Parole to be a parole violator and his parole was revoked. He is presently confined in the Kansas penitentiary serving the sentence imposed by the Finney county district court in 1955.

Subsequent to the revocation of petitioner's parole by the Kansas authorities he filed an application in the district court of Leavenworth county for a writ of habeas corpus. Following a hearing thereon, his application was denied and this appeal followed.

Petitioner's contention appears to be that when the Kansas authorities voluntarily released him to the Tennessee authorities Kansas lost jurisdiction of him, and that such jurisdiction could not be regained unless petitioner voluntarily returned to this state.

We find no merit in petitioner's contention and hold that his application for a writ of habeas corpus was properly denied.

The record before us sets out the "parole contract" and the rules governing prisoners on parole, together with the statement signed by petitioner at the time he was paroled to the Tennessee authorities, and these documents clearly establish the terms and conditions thereof and the agreement by petitioner to abide thereby, and that failure to so comply shall be deemed a violation of the parole, and that petitioner agreed to waive extradition to this state from any state where he might be found during the period of his parole.

Petitioner's parole was granted under the authority of G. S. 1949, 62-1525. In discussing this statute, it was said in *In re Tabor*, 173 Kan. 686, 250 P. 2d 793:

"It must be remembered our statute, in clear and unequivocal terms, provides that a convict on parole, although permitted to go outside the prison walls, is still in legal custody and subject at any time to be taken back within that institution. The authorities hold that under such a statute a parolee is still *in custodia legis*, he is subject to the rules and regulations of the penitentiary from which he has been paroled even though permitted to remain outside its walls, and he is subject to the direction and control of the authorities placed in charge of that institution." (p. 692.)

Our later statute, G. S. 1959 Supp. 62-2245, contains a similar provision.

When petitioner was paroled on a detainer to the Tennessee authorities Kansas did not thereby lose jurisdiction of him and did not waive its right to enforce the provisions of his parole. For analogies to be drawn see *Powell v. Turner*, 167 Kan. 524, 207 P. 2d 492, cert. denied, 338 U. S. 835, 94 L. Ed 509, 70 S. Ct. 41, and *Perry v. Gwartney*, 162 Kan. 607, 178 P. 2d 185.

Petitioner has failed to show any grounds justifying his release, and, his sentence not having been completed, the order denying his application for a writ of habeas corpus is affirmed.