No. 43,446

ROBERT PERRY TOWNSEND, *Petitioner*, v. SHERMAN H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, *Respondent*.

(383 P. 2d 954)

Opinion filed July 10, 1963.

Petitioner was on the briefs *pro se*.

*Arthur E. Palmer*, assistant attorney general, argued the cause, and *William M. Ferguson*, attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

ROBB, J.: This is an original proceeding in which petitioner seeks the issuance of a writ of habeas corpus releasing him from respondent's custody.

The record reveals that on April 6, 1956, petitioner was sentenced by the Chase district court to a term of not to exceed ten years in the state penitentiary at Lansing. Although certain details of

earlier events are included in the record, no question is raised concerning them and they need not be discussed herein.

On February 5, 1957, petitioner appeared before the then board of penal institutions and while he alleges he was released to the Dallas county sheriff's office of Dallas, Texas, the record shows that on March 27, 1957, a parole contract was executed and entered into by petitioner and the board of parole of the state of Kansas. The contract provided for eleven specific rules governing prisoners on parole and further stated "Paroled To: Detainer: SO [sheriff's office], Dallas Co., Texas." It also provided that violation of the eleven rules, or of the law in any way, would violate the parole contract causing petitioner to be required to serve the remainder of his maximum term and that no part of the time from the date of delinquency to the date of his return would apply on his maximum term. Petitioner accepted the terms and conditions and signed the contract.

On October 14, 1957, the board of probation and parole revoked petitioner's parole and ordered his arrest and return to the Kansas state penitentiary for completion of sentence subject to hearing before the board following his return.

By way of argument petitioner further alleges his surrender by the Kansas officers to the Texas officer amounted to a waiver of jurisdiction by the state of Kansas and any subsequent action taken by Kansas is, therefore, illegal. He relies on *In re Jones,* 154 Kan. 589, 121 P. 2d 219, but a careful reading thereof shows that case does not support his contention. The governor of Louisiana had issued a so-called "reprieve" for defendant and in the Jones opinion it was said:

"What is the effect of the admitted facts? It is that in refusing to return to the state of Louisiana appellee violated no condition attached to his release from the custody of officials of the state of Louisiana. The executive order of release was in the nature of a *commutation of sentence. That was its legal effect."* (Our emphasis.) (p. 594.)

Defendant in the Jones case had in nowise participated in the Louisiana Governor's executive release order nor had he agreed to perform any conditions with respect to his release. The opinion further stated that since the "reprieve" was only a commutation of sentence and did not constitute a parole, defendant had not violated any conditions of a parole.

In support of the state's position on the other side of the propo-

sition, we find in *Hunt v. Hand,* 186 Kan. 670, 352 P. 2d 1, a full and complete treatment of the question which need not be repeated here except to say that petitioner there also was paroled under a contract on a detainer from another state, namely, Tennessee, where he was convicted of criminal charges, served time, and was released. Thereafter he became involved with law enforcement officials in the state of Oregon. The Kansas probation and parole board declared him delinquent and he was returned to Kansas and recommitted to the state penitentiary on the basis that, as in our present case, Kansas had not relinquished jurisdiction of him or waived any of its rights to enforce the provisions of his parole contract.

Subsequent events have occurred to petitioner in our present case but since he has not finished serving his original sentence in the state penitentiary, it would be surplusage and of no avail to discuss or undertake to determine any further questions now.

Our conclusion is that petitioner has failed to show any grounds that would justify his release.

Writ denied.