Per Curiam.

Petitioner’s first contention is that fie was not given a proper extradition hearing prior to his return to New York from Ohio in 1958. Petitioner is not presently confined as a result of such hearing, and any irregularities therein do not affect his present confinement. Hence, he would not be entitled to a release in habeas corpus. Habeas corpus is directed only to present confinement. Page v. Green, Supt., 174 Ohio St., 178.
Petitioner urges that his Ohio sentence was terminated by his release to New York after a parole had been granted to him. The release of a paroled convict to the authorities of another jurisdiction, which had placed a detainer on him, for trial upon a criminal charge in that jurisdiction or for the purpose of serving a sentence previously imposed upon him by such other jurisdiction does not constitute a termination of the sentence for which he was paroled or a relinquishment of the right to recommit the convict for violation of his parole. Hunt v. Hand, Warden, 186 Kan., 670, 352 P. (2d), 1; and Jurczyszyn v. Michigan Parole Board, 316 Mich., 529, 25 N. W. (2d), 609.
A convict on parole, although not in actual custody, is in technical legal custody for the duration of his parole, and the paroling state does not lose jurisdiction over him by surrendering him to another state.
Next, petitioner contends that he was returned to Ohio from New York on the basis of a fraudulent verification. The acts of which petitioner complains do not relate to his present imprisonment but to the manner in which he was returned to Ohio. Petitioner’s present restraint is the result of a prior conviction of a crime, not of such acts, thus they cannot be a basis for release.
The manner or means by which the presence of an accused is procured in a state in no way impairs the power of the state to try him for a crime which he has previously committed or to imprison him on a previously imposed sentence. Pettibone v. Nichols, 203 U. S., 192.
The general rule is stated as follows, in 165 A. L. R., 948:
“ It is virtually a universal rule of law that where a person accused of a crime is found within the territorial jurisdiction *379 wherein he is so charged, and is held under process legally issued from a court of that jurisdiction, neither the jurisdiction of the court nor the right to put him on trial for the offense charged is impaired by the manner in which he was brought from another jurisdiction, whether by kidnapping, illegal arrest, abduction, or irregular extradition proceedings.”
Thus, even if, as petitioner contends, he was brought from New York by some illegal process, this does not affect the right of the state to imprison him on the sentence previously imposed by it.
Finally, petitioner contends that he was on a nonreturnable warrant from Ohio. It is apparently his argument that he was paroled on the condition that he would not return to Ohio, and that this amounted to a conditional pardon. The Board of Parole has no power to pardon, this being a matter of executive clemency. There is nothing in the record to substantiate petitioner’s contention.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.