ALVIN P. SCHWARTZ, Plaintiff, v. ROBERT WOODAHL, Attorney General, for the State of Montana, Defendant.

No. 12096.
Decided July 20, 1971.
487 P.2d 300.

Alvin P. Schwartz, pro se.

MEMO OPINION

PER CURIAM:

Petitioner seeks what he terms a "Default in Judgment" but actually wants a writ to release a detainer filed against him. Petitioner is confined in the Utah State Prison at Draper, Utah, and was previously confined in the Montana State Prison, from which prison he was paroled. As a condition of that parole he waived extradition in the event of parole violation.

This proceeding stems from a writ of *habeas corpus* filed by petitioner in the United States District Court in Salt Lake City, Utah, and now pending.

Petitioner complains that his waiver of extradition as

a condition of parole was "intimidation," "coercive" and *ex post facto* in operation and effect.

Petitioner's claims are without merit as in Ex parte Casemento, 24 N.J.Misc. 345, 49 A.2d 437, 439, it is well settled that:

"* * * constitutional rights can be waived. Even the basic and fundamental right to a trial by jury can be waived, both under the Federal and State Constitutions. Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263; Adams v. United States, 317 U.S. 269, 63 SCt. 236, 87 L.Ed. 268, 143 A.L.R. 435; State v. Stevens, 84 N.J.L. 561, 87 A. 118. Similarly may an accused waive his constitutional right, under the Federal and State Constitutions to the assistance of counsel. Moses v. Hudspeth, 10 Cir., 129 F.2d 279, certiorari denied 317 U.S. 665, 63 S.Ct. 73, 87 L.Ed. 534; Adams v. United States, supra; State v. Murphy, 87 N.J.L. 515, 94 A. 640."

In the above cited case the court went on to hold that the waiver of extradition as a condition of parole was not unconstitutional; such waiver while operating *in uturo* does not make the execution of the waiver *ex post facto*.

█ Finally, petitioner seeks a "Default in Judgment" by virtue of the attorney general's failure to respond to any of his actions filed in five federal courts. In our view the attorney general is not required to appear and respond to frivolous petitions filed in sister states

The petition is denied.