■ In the Matter of CURTISS C. MARSHALL, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.— Judgment unanimously affirmed. Memorandum: Relator was paroled to New York from Florida in 1969 and subsequently arrested in Buffalo in 1970 charged with several felonies. As a result the Florida Probation and Parole Commission issued a parole warrant against him. Thereafter, he received an indeterminate 10-year sentence and is presently confined in Attica Correctional Facility. The principal question on this appeal from a denial of article 78 relief is: Does due process require the State of New York to provide a prompt hearing to relator in connection with the revocation of his Florida parole. We conclude that it does not, absent a request by the State of Florida (the sending State) under the terms of the Uniform Act for Out-of-State Parole Supervision (Correction Law, § 224, subd 1, par [3]; § 224-b, subd 2). The prompt hearing requirements under due process enumerated in *Morrissey v Brewer* (408 US 471), decided June 22, 1972, do not require a different result here. They were held to be applicable only to "future revocations of parole" *(id.,* p 490). Since relator was declared delinquent on April 20, 1970, he is not entitled to a hearing under *Morrissey (People ex rel. Calloway v Skinner,* 33 NY2d 23). We recognize that since the parole violation occurred in New York, it will be difficult to produce live witnesses at a revocation hearing in Florida. There are, however, conventional substitutes available including affidavits, depositions and documentary evidence *(Gagnon v Scarpelli,* 411 US 778). Such type of evidence is particularly

appropriate in this case where the charge of parole violation is based solely on relator's arrest on the felony charges in New York. Relator further asserts that his present status under correction department administrative rules denies him participation in certain rehabilitative programs sponsored by the department. His long felony record in New York, Florida and other States, dating back to 1947, makes his eligibility for such programs problematical at best. Finally, we conclude that relator's remedy is by challenge of his parole revocation in Florida (see *People ex rel. Crawford v State of N. Y., Dept. of Correctional Servs., N. Y. State Parole Bd.,* 38 AD2d 725), because the "Interstate Parole Compact" does not permit any assumption of power in the "receiving state" (New York) *(People ex rel. Rankin v Ruthazer,* 304 NY 302). (Appeal from judgment of Supreme Court, Wyoming County, denying petition for an order in an article 78 proceeding.) Present— Cardamone, J. P., Simons, Mahoney, Goldman and Del Vecchio, JJ.