▓ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEVEN SCHOUENBORG, Respondent, v WALTER J. FLOOD, as Warden, Nassau County Correctional Center, Appellant. — In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Nassau County (Murphy, J.), dated February 10, 1983, which, *inter alia,* in effect sustained the writ, dismissed pending parole violation charges with prejudice and restored the petitioner to parole status. Judgment reversed, on the law, without costs or disbursements, and writ dismissed. Petitioner was convicted in the State of Tennessee of the crime of grand larceny and was sentenced to a prison term of 6 to 10 years. He was paroled effective August 18, 1981 to a release program in New York State pursuant to the interstate compact known as the uniform act for out-of-State parolee supervision (Executive Law, § 259-m *et seq.*). On May 4, 1982, while under the supervision of the New York State Division of Parole, a New York parole violation warrant was issued charging petitioner with failing to report to his parole officer. It was not until September 12, 1982, however, that petitioner's whereabouts were discovered and he was arrested on a bench warrant due to his failure to pay a fine on a prior New York conviction for criminal trespass in the third degree. The next day petitioner was sentenced to 15 days on the trespass conviction and on September 16, 1982 a Tennessee violation of parole warrant was lodged against him at the Nassau County Correctional Center. After allowance for good time, petitioner's New York 15-day sentence expired on September 21, 1982. On September 24, 1982, a preliminary revocation hearing on the parole violation charge was held at the Nassau County Jail at the request of Tennessee. Probable cause was found as to the violation. On October 1, 1982, petitioner was rearrested on a charge of harassment while at the Nassau County Jail and, upon his plea of guilty to disorderly conduct, he was sentenced on January 28, 1983 to time served. On February 8, 1983 petitioner commenced the instant habeas corpus proceeding, seeking a vacatur of the Tennessee parole violation warrant and a restoration to parole status on the ground that he had not been afforded a timely final parole revocation hearing. Special Term granted the writ, dismissed the parole violation charges with prejudice and restored petitioner to parole status. Petitioner contends that section 259-i (subd 3, par [f], cl [i]) of the Executive Law of this State governs the timeliness of his final parole revocation hearing

and that since he was not given a final hearing within 90 days of the probable cause determination he should be restored to parole status. We disagree. While the provision governing the issuance of parole violation warrants refers to prisoners received under the uniform act for out-of-State parolee supervision (Executive Law, § 259-i, subd 3, par [a], cl [ii]), no similar reference is contained within the provision governing final revocation hearings (Executive Law, § 259-i, subd 3, par [f]). New York's adoption of the uniform act for out-of-State parolee supervision is further indication that the 90-day requirement of section 259-i (subd 3, par [f], cl [i]) of the Executive Law was not intended to be applied to an out-of-State parolee present in New York. Specifically, when no criminal charges are pending against the parolee in the receiving State, an officer of the sending State may enter the receiving State and apprehend the parolee at any time without formalities, and "[t]he decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state" (Executive Law, § 259-m, subd 1, par [3]; see *People ex rel. Rankin v Ruthazer,* 304 NY 302; *People ex rel. Crawford v State of New York Dept. of Correctional Servs. N. Y. State Parole Bd.,* 38 AD2d 725). In this respect, the receiving State acts solely as the agent for the sending State (see, also, Executive Law, § 259-n, subd 1, par [a]), and the parolee is at all times subject to the jurisdiction of the sending State (Executive Law, § 259-n, subd 1, par [d]). The petitioner remains free, of course, to challenge in Tennessee the timeliness of his parole revocation hearing under the laws of that State (see *People ex rel. Rankin v Ruthazer, supra*). Nevertheless, petitioner argues that even assuming that section 259-i of the Executive Law does not apply, his due process rights were violated by the delay in holding a final revocation hearing. Due process requires that a final revocation hearing be afforded the parolee within a reasonable time after he is taken into custody (*Morrissey v Brewer,* 408 US 471, 488), subject, however, to the rule enunciated in *Moody v Daggett* (429 US 78), that the reasonable time does not begin to run until the parolee is taken into custody as a parole violator upon the execution of a parole revocation warrant. Under the *Moody* rule, when a parolee is incarcerated on an unrelated sentence, the reasonable time within which a final revocation hearing must be held is tolled, because the parolee's incarceration does not derive from the parole warrant but from the unrelated sentence. While this State, as a matter for statutory construction, has adopted a stricter time standard for final revocation hearing than due process demands (see, e.g., *People ex rel. Gonzales v Dalsheim,* 52 NY2d 9, 14; *People ex rel. Walsh v Vincent,* 40 NY2d 1049; *Matter of Beattie v New York State Bd. of Parole,* 39 NY2d 445), the New York parole revocation statute (Executive Law, § 259-i, subd 3, par [f]) is not relevant to this case for it does not apply to out-of-State parolees held in New York under the interstate compact. With due process the issue, we are bound by the rule in *Moody v Daggett (supra),* and find that the petitioner was held for, at most, 20 days on the parole revocation warrant until the commencement of this proceeding, an interval which is not unreasonable (see *Morrissey v Brewer, supra*). Accordingly, the judgment is reversed, and the writ dismissed. Lazer, J. P., Gibbons, Weinstein and Niehoff, JJ., concur.