OPINION OF THE COURT
Patricia D. Marks, J.
This is a decision in the matter of an application by the District Attorney’s office requesting that the defendant be *445 remanded to custody for immediate return to Texas in accordance with his signed waiver of extradition.
FACTS:
The defendant was convicted of aggravated assault in the State of Texas on June 11, 1985. He was given a 10-year sentence which was suspended on the condition that he abide by the terms of probation. As a condition of probation, he signed an agreement waiving extradition in the event that he violated his probation and was located outside the State. The agreement stated in part that he freely and voluntarily agreed to return to Hamilton County, Texas, and that he waived all formality and was willing to return "without the Governor’s requisition or other papers legally necessary in such cases.”
On March 4, 1986, a District Judge in the State of Texas ordered that a warrant of arrest be issued. On or about May 8, 1986, the defendant was arrested in Monroe County, New York, and was arraigned as a fugitive. On May 14, 1986, the People presented the Monroe County Court with a certified copy of the prior waiver of extradition and asked the defendant be remanded to custody for immediate return to Texas.
On May 30, 1986, defense attorney orally responded that the defendant recognized his signature on the waiver, but did not specifically recall signing a waiver of extradition. A habeas corpus petition was not filed.
decision:
Defendant’s waiver of extradition should be honored as an effective waiver permitting immediate return of the defendant to Texas. The People have presented a prima facie valid waiver of extradition signed by the defendant. There is no constitutional or statutory reason why the waiver ought not to be honored by New York State. It is clear that the waiver provisions, by its own terms, are nonexclusive (CPL 570.50).
The Uniform Criminal Extradition Act was adopted by New York in 1936 and is contained in the New York State Criminal Procedure Law article 570. Included in the act is a waiver section. This waiver section outlines a procedure whereby waiver after arrest of a fugitive may be effected. That provision also includes: "[N]othing in this section shall be deemed to limit the rights of the accused person to return voluntarily and without formality to the demanding state, nor shall this waiver procedure be deemed to be an exclusive procedure or *446 to limit the powers, rights or duties of the officers of the demanding state or of this state.” (CPL 570.50.) It is clear from this section that other valid procedures shall be recognized and the powers of the demanding State are not limited by that section. There is no other provision which would invalidate waiver procedures which are conducted in another State.
In the case at bar, the sentencing Judge sent the defendant to the chief probation officer of Hamilton County for the purpose of executing a waiver of extradition. The defendant executed the waiver in the presence of the officer.
There exists no legal or equitable reason why a defendant cannot execute a waiver in advance. Of those States in which a written opinion about the validity of waivers of extradition signed as a condition of probation or parole, the overwhelming majority have honored them (see, e.g., Hunt v Hand, 186 Kan 670, 352 P2d 1 [1960]; Natter v Beasley, 240 Ind 631, 166 NE2d 643 [1960]; Schwartz v Woodahl, 157 Mont 479, 487 P2d 300 [1971]; State ex rel. Swyston v Hedman, 288 Minn 530, 179 NW2d 282 [1970]; White v Hall, 15 Md App 446, 291 A2d 694 [1972]; Ex parte Johnson, 610 SW2d 757 [Ct Crim App Tex 1981]; State v Maglio, 189 NJ Super 257, 459 A2d 1209 [1983]). Federal courts have also accepted such waivers (Cook v Kern, 330 F2d 1003 [5th Cir 1964]; Pierson v Grant, 527 F2d 161 [8th Cir 1975]).
In conclusion, the extradition procedure is meant to be a summary executive proceeding by which States aid one another in bringing to justice people accused of crime. It is clear from the language of the statute that other methods to return an accused person to the demanding State are acceptable.
It is, therefore, the judgment of this court that Roy Glen Corder shall be held in custody for immediate return to the State of Texas.
Defense counsel shall be permitted until June 9, 1986 to file habeas corpus if he wishes.