OPINION OF THE COURT
Jo Ann Ferdinand, J.
On April 5, 1987, the defendant was arraigned on a fugitive affidavit which alleged he had fled from the State of New Jersey where he was wanted for a violation of probation. Defendant did not waive extradition; he was remanded and *327 the case was adjourned for the District Attorney to obtain a Governor’s warrant as required by CPL 570.08.
The People now request that this court issue an order directing the defendant’s immediate surrender to New Jersey, in accordance with the Uniform Act for Out-of-State Parolee Supervision (Executive Law § 259-m), without the necessity of obtaining a Governor’s warrant.
The issue is whether defendant must be returned to New Jersey, even in the absence of a waiver of extradition, and without a Governor’s warrant. Research reveals no New York case directly addressing this question.
The defendant was convicted in New Jersey Superior Court and sentenced to four years’ probation on August 4, 1981. That court permitted the defendant to serve his probation in New York State pursuant to the Uniform Act for Out-of-State Parolee Supervision (Executive Law § 259-m; NJ Stat Annot § 2A:168-14 et seq).
The People contend that as a condition of that arrangement the defendant executed an "Agreement to Return” whereby he agreed to return to New Jersey when instructed to do so, to waive extradition to New Jersey, and not to contest any effort made by another State to return him to New Jersey. Subsequently, according to the Middlesex County Probation Department, the defendant violated his probation and a bench warrant was issued for his arrest on December 7, 1983, after defendant failed to appear in court. New Jersey now seeks defendant’s immediate return to answer these charges.
The defendant initially refused to waive extradition because he claimed his probation had been terminated by a New York court and he believed New Jersey therefore had no basis to demand his return. The defendant now states he does not remember having been informed of his rights in respect of a waiver of extradition, does not remember having a lawyer present, and does not remember signing the "Agreement to Return”. Moreover, he asserts the waiver was not executed before a court. For these reasons he contends the waiver was not knowing or voluntary and should not be the basis for his return to New Jersey.
DISCUSSION
The procedures for returning a fugitive to a demanding State (here New Jersey) are set forth in the Uniform Criminal Extradition Act (CPL art 570). Under the terms of that act, a *328 fugitive may waive all procedural rights incidental to the extradition (i.e., the issuance of a Governor’s warrant, CPL 570.08) and thereby consent to return to the demanding State (CPL 570.50). Both the People and the defendant refer to defendant’s signature on the "Agreement to Return” and discuss whether or not it should be considered a valid waiver of extradition contemplated by CPL 570.50. Such waivers, signed as a condition of probation or parole, have been found valid by courts of both New York and New Jersey (see, e.g., People v Corder, 132 Misc 2d 444 [Monroe County Ct 1986]; State v Maglio, 189 NJ Super 257, 459 A2d 1209 [1983]).
The waiver provisions of CPL article 570 provide that a fugitive may agree to dispense with the formal extradition procedures of the statute if such waiver is made in writing, in the presence of a Judge, and if the Judge has informed the fugitive of his rights under the statute. However, that section also provides "nothing in this section shall be deemed to limit the rights of the accused person to return voluntarily and without formality to the demanding state, nor shall this waiver procedure be deemed to be an exclusive procedure or to limit the powers, rights or duties of the officers of the demanding state or of this state.” (CPL 570.50.) This language has been interpreted to mean that the statutory procedures of CPL 570.50 are not exclusive and that waivers of extradition need not conform to the procedures set forth in the Uniform Criminal Extradition Act. (People v Corder, supra; Ex parte Johnson, 610 SW2d 757 [Tex Crim App 1981]; State v Maglio, supra; White v Hall, 15 Md App 446, 291 A2d 694 [1972]; Schwartz v Woodahl, 157 Mont 479, 487 P2d 300 [1971]; Pierson v Grant, 527 F2d 161 [8th Cir 1975].)
The case cited by defendant to the contrary, In re Patterson (64 Cal 2d 357, 411 P2d 897 [1966]), is not persuasive. The courts of California have held that a waiver of extradition must comply with all the procedural formalities of the Uniform Criminal Extradition Act; and California alone among the States declines to enforce waivers of extradition signed as a condition of parole. However, even California recognizes that an alternative procedure exists under the Uniform Act for Out-of-State Parolee Supervision by which a person can be returned to the demanding State without complying with the formalities of the Uniform Criminal Extradition Act. (See, In re Klock, 133 Cal App 3d 726, 184 Cal Rptr 234 [1982].)
Both New York and New Jersey have adopted the Uniform Act for Out-of-State Parolee Supervision (hereinafter the In *329 terstate Compact). This statute displaces the Uniform Criminal Extradition Act and provides an alternative procedure, with only minimal formalities, for the return of certain probationers to the demanding State. The Interstate Compact permits a person convicted and sentenced to probation in one State to reside and be supervised by a Probation Department in another State. The sentencing State retains the authority to decide whether to retake the probationer and all issues relative to the expiration or violation of his probation. (Executive Law § 259-m [1] [3]; see, People ex rel. Marro v Ruthazer, 140 NYS2d 571 [Sup Ct, NY County 1955]; People ex rel. Rankin v Ruthazer, 304 NY 302 [1952]; People ex rel. Schouenborg v Flood, 94 AD2d 751 [2d Dept 1983]; Matter of Marshall v Smith, 49 AD2d 808 [4th Dept 1975]; People ex rel. Crawford v State of New York, Dept. of Correctional Servs., 38 AD2d 725 [2d Dept 1972].)
The defendant’s return to New Jersey is sought via the Interstate Compact, rather than as an extradition pursuant to the Uniform Criminal Extradition Act. According to the Interstate Compact "duly accredited officers of a sending state may at . all times enter a receiving state and there apprehend and retake any person on probation or parole. For that purpose no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. All legal requirements to obtain extradition of fugitives from justice are hereby expressly waived on the part of states party hereto, as to such persons. The decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state”. (Executive Law § 259-m [1] [3] [emphasis added].) Thus the Interstate Compact does not require a written waiver of extradition by the probationer. (See, People ex rel. Rankin v Ruthazer, supra; People ex rel. Schouenborg v Flood, supra; Matter of Marshall v Smith, supra; People ex rel. Crawford v State of New York, Dept. of Correctional Servs., supra.) The fugitives in the cases cited above were ordered returned to the sentencing State without regard to whether or not a waiver had been signed. Moreover, the Interstate Compact itself makes clear that no waiver is required.
To retake the probationer via the Interstate Compact, the demánding State need only establish the authority of its officer and the identity of the person to be taken. Defendant here does not deny that he was sentenced to probation in New Jersey and supervised by probation in New York. Although *330 defendant does argue his New Jersey probation was terminated, his only remedy is to challenge the revocation in New Jersey. The decision of New Jersey to retake defendant is conclusive and not reviewable by New York.
The purpose of the Interstate Compact is to benefit a probationer by permitting him to reside and be supervised in the State where he has familial and community ties and thus greater employment possibilities. In consideration of this privilege it is fair and proper that the probationer be bound by the terms of the Interstate Compact with respect to his return to the sentencing State.
There is no need to consider the validity of defendant’s purported waiver as his return to New Jersey is governed by the Interstate Compact, and not by the Uniform Criminal Extradition Act. When defendant’s supervision by probation was transferred to New York he became subject to the return provisions of the Interstate Compact. Therefore, based on the Interstate Compact, defendant need not waive extradition and has no right to a Governor’s warrant before being returned to New Jersey.
The court finds that New Jersey is entitled to retake the defendant. Accordingly, the court hereby directs that the defendant be remanded for immediate surrender to the appropriate New Jersey probation authorities.