OPINION OF THE COURT
Alfred Donati, Jr., J.
The defendant in the above-entitled matter was arraigned on a fugitive affidavit on August 5, 1987. He did not waive extradition.
*21 The People, by notice of motion, move this court for an order directing the defendant’s immediate surrender to Georgia State authorities without obtaining a Governor’s warrant.
Although given the opportunity, defendant has not submitted answering papers to the People’s instant motion.
For the reasons set forth below, the People’s motion is granted.
Georgia court and probation documents reveal that the defendant was convicted in Georgia, in three separate incidents, of robbery by sudden snatching, theft by shoplifting, and burglary. After conviction, defendant was sentenced to probation in 1981 and again in 1982. When defendant was convicted for the third time in 1983, he was incarcerated until he was released on parole on December 24, 1985. The defendant is now wanted by Georgia for the alleged violation of his parole.
Incident to the defendant’s release on parole, he was required to execute a document specifying the conditions of his parole. By the terms of that agreement, defendant consented to a waiver of extradition in the event that he should leave Georgia in violation of the agreement. The People wish to compel adherence to the agreement signed by the defendant and thus circumvent the need to acquire a Governor’s warrant to secure his return.
The issue thus presented is whether the Georgia State parole agreement’s provision for waiver of extradition is enforceable in New York against a defendant who now does not waive extradition proceedings.
The Uniform Criminal Extradition Act, codified in CPL article 570, is the controlling statute in this case. Included therein is a provision dealing with waivers of extradition and reading in pertinent part as follows: "nothing in this section shall be deemed to limit the rights of the accused to return voluntarily and without formality to the demanding state, nor shall this waiver procedure be deemed to be an exclusive procedure or to limit the powers, rights or duties of the officers of the demanding state or of this state.” (CPL 570.50; emphasis added.) Thus, it would seem that procedures for extradition other than those specified may be enforced.
The majority rule throughout the United States is that formal extradition proceedings are not necessary to compel the return of absconding probationers or parolees who have previously signed a prerelease waiver. (People v Corder, 132 *22 Misc 2d 444 [1986]; State v Maglio, 189 NJ Super 257, 459 A2d 1209 [1983]; see also, Schwartz v Woodahl, 157 Mont 479, 487 P2d 300 [Sup Ct 1971]; White v Hall, 15 Md App 446, 291 A2d 694 [Ct Spec App 1972]; State ex rel. Swyston v Hedman, 288 Minn 530, 179 NW2d 282 [Sup Ct 1970]; Madden v Simmons, 39 Ala App 24, 92 So 2d 922 [Ct App 1957]; Matter of Pierce v Smith, 31 Wash 2d 52, 195 P2d 112 [Sup Ct 1948], cert denied 335 US 834 [1948].)
In People v Bynul (138 Misc 2d 326), the court was faced with similar facts as are at bar.
There the defendant, a probationer from New Jersey residing in New York, violated the terms of his New Jersey parole conditions and was arrested in New York on a fugitive warrant. As a condition of parole, the defendant executed an "Agreement to Return” to New Jersey in the event he violated the terms of his parole. Like the Georgia agreement at bar, the New Jersey agreement provided that the defendant’s signature on the document effectively waived extradition proceedings in the sending State. Despite his agreement to return, the defendant did not waive extradition at his arraignment in New York.
The Bynul court, in utilizing the waiver provision of CPL 570.50 as well as authority from the several States, held that the agreement to return was valid and binding because CPL 570.50 did not limit extradition to the proceedings enumerated in the Uniform Act. (People v Bynul, supra.)
Here, the defendant signed an agreement to return to Georgia in the event that he violated the terms of his parole. The language in the Georgia document providing for such waiver is explicit and unequivocal. Also, the defendant’s signature is clearly present on the document and such document was executed in the presence of the warden of the penitentiary in which the defendant was an inmate.
Thus, the Georgia agreement to return is valid and binding with respect to both the Uniform Criminal Extradition Act and case law. As a result, no constitutional or statutory reason appears why the Georgia waiver should not be honored by New York State also.
The court thus finds that Georgia is entitled to take the defendant without extradition proceedings or a Governor’s warrant.