OPINION OF THE COURT
William A. Kelly, J.
On February 19, 1988, all parties appeared before the Honorable Robert J. Stolarik in reference to the extradition of the defendant to the State of Arizona. Judge Stolarik found the prospective waiver of extradition contained within the defendant’s terms of probation to be valid but allowed the parties to submit memoranda on the enforceability of the waiver. Judge Stolarik also referred this matter to the sitting County Court Judge for decision.
*324 On March 21, 1986, the defendant was sentenced in the Superior Court of the State of Arizona, Maricopa County, to one year in the Maricopa County Jail, five years’ probation, and $5,354 in restitution, upon her plea of guilty to the crime of trafficking in stolen property, second degree. On that same date, she also signed a statement at the bottom of her terms of probation which read as follows: "Receipt and Acknowledgement. I hereby acknowledge receipt of a copy of the foregoing terms and regulations of probation. I understand that if I violate any term or condition, the court may revoke and terminate my probation and impose a maximum sentence on me in accordance with the law. I agree to waive extradition for any probation revocation proceedings which occur with reference to probation herein granted.”
The only New York case which has addressed the question of the validity of prospective waivers of extradition is People v Corder (132 Misc 2d 444 [Monroe County 1986]). In that case, the defendant signed a waiver which stated that he freely and voluntarily agreed to return to Texas, that he waived all formality and that he was willing to return without the Governor’s requisition or other papers legally necessary in such cases. The Corder court found that there were no constitutional or statutory reasons why New York should not honor the waiver and that our CPL 570.50 extradition procedure was not the exclusive means of effecting an extradition. Defendant’s waiver was found to be valid.
CPL 570.24 and 570.50 impose upon the court an obligation to advise a defendant of certain rights before that defendant may waive extradition. One of these advisements is that he has the right to demand and procure legal counsel with whom he may consult in determining whether he wants to test the legality of the underlying arrest. The waiver must be in writing in the presence of a Judge of a court of record. (CPL 570.50.) While New York’s waiver of extradition procedure does not exclude all other types of waiver procedures, the statutory procedures are not to be lightly disregarded. Defendant Isaacs signed a one-sentence statement indicating, without elaboration, that she agreed to waive extradition for any related probation revocation proceedings. The People rely upon the prospective waiver alone to effectively waive the rights to which, the defendant would otherwise be entitled in order to contest her extradition.
Extensive waivers have been upheld in the Federal courts (see, Cook v Kern, 330 F2d 1003 [5th Cir 1964]; Pierson v *325 Grant, 527 F2d 161 [8th Cir 1975]). In Pierson the appellant admitted that he had a " 'good idea’ of the meaning of the documents” and there was no dispute as to the fact that appellant generally understood the consequences of the waiver. (Supra, at 165.) In Kern the court did not find a violation of a Federally protected right. The New York State Constitution extends significantly greater protections to its citizens than the United States Constitution in many situations. (People v Elwell, 50 NY2d 231; People v Rogers, 48 NY2d 167.) It is well established that Federal constitutional rights are minimal individual protections, and that State courts may interpret their State Constitutions to give greater rights than are granted under the Federal Constitution. (Pruneyard Shopping Center v Robins, 447 US 74 [1980].) This is an aspect of Federalism. The issue presented here need not be decided under existing principles of Federal constitutional law but should be resolved by application of principles rooted in our State’s constitutional and statutory guarantees.
Without deciding whether the statutory extradition procedure is the exclusive means of effecting an extradition, it is noteworthy that CPL 570.24 requires the court to inform the prisoner of his right to demand and procure legal counsel. The New York courts have consistently exercised the highest dégree of vigilance in safeguarding the right of an accused to have the assistance of counsel at every stage of a legal proceeding against him. (People v Blake, 35 NY2d 331.) The special solicitude for this fundamental right is designed to ensure that an accused will not "waive” an important constitutional or statutory right out of ignorance, confusion, or fear. The statutory right was designed to breathe life into the requirement that a waiver of any right must be informed, intelligent, and voluntary. (People v Hobson, 39 NY2d 479, 484.) Although the statute does not expressly prohibit waiver, neither can one infer that the Legislature intended to implicitly permit waiver. Given the significant liberty interest sought to be protected, the statutory rights were conferred to comport with due process. Waiver of a statutory right conferred upon an individual which affects the public interest may be impermissible or even a contravention of statutory policy. (Brooklyn Sav. Bank v O’Neil, 324 US 697, 704, affg 293 NY 666.) While New York courts have held certain statutory rights nonwaivable (Cancemi v People, 18 NY 128, *326 138; Driskell v Alfano, 12 AD2d 973), other waivers have been held void as against public policy because they were prospective in nature. (Brooklyn Sav. Bank v O’Neil, supra.) A valid waiver must not only be voluntary but must also constitute a knowing and intelligent relinquishment of a known right or privilege, a matter which depends in each case upon the particular facts and circumstances. Presently if one views the statute (CPL 570.24, 570.50) as being reflective of a legislative balancing of the interests involved, it might be questioned whether the explicit agreement of the parties could supersede a statutory right which might be considered as fundamental. (Nishman v DeMarco, 76 AD2d 360, 371, appeal dismissed 53 NY2d 642; Singer v United States, 380 US 24, 36.) However, this court does not have to decide whether a prospective waiver of a significant liberty right may be made here, given the facts present in this case. Since by definition a valid waiver is the relinquishment of a known right (Matter of Meachem v New York Cent. R. R. Co., 8 NY2d 293, 299), this court cannot find the alleged waiver to be a sufficient waiver of extradition (People v Corder, supra). This court believes that the waiver signed by defendant Isaacs was far too cursory to be granted validity by this court. The waiver does not reflect any explanation of the extradition process nor any true understanding by the defendant of that process. Indeed, the waiver was only a part of her acknowledgement of the various terms of her probation and the consequences of violating those terms. It does not reflect even a general understanding of what a waiver involved. (Cf, Pierson v Grant, supra.)
Furthermore, the defendant alleges that she signed the waiver during a time that she was kept heavily sedated at the Maricopa County Jail. She states that this medication resulted in her having a very short attention and memory span and that she had great difficulty comprehending what was happening. The defendant also relates her lack of understanding of the meaning of a waiver of extradition. Her allegations and the brevity of the waiver itself require the court to conduct a hearing before such a prospective waiver could be found to be valid.
Accordingly, the court finds that the written prospective waiver, standing alone without a hearing, is not a sufficient waiver of extradition. Should the People seek such a hearing *327 to determine whether the defendant knowingly and voluntarily executed the waiver, they must advise the court of this request in writing within 10 days of the date of this decision. Otherwise, the People must proceed with statutory extradition proceedings. The defendant is remanded to the custody of the Sheriff of Rockland County.