The Honorable Bill Clinton Governor of Arkansas State Capitol Little Rock, Arkansas 72201
Dear Governor Clinton:
This is in response to your request for an opinion concerning the honoring of pre-release waivers of extradition signed by inmates as a condition of parole. You note that such waivers are signed by inmates prior to parole from prison, but that in many instances, the inmate leaves the state, is picked up on a parole violation, and refuses to waive extradition. The opinion of your office has been that a certified copy of such waiver would be sufficient supporting information to extradite a parolee fugitive. You have asked for my opinion on the matter.
It is my opinion that the majority rule in this country is that such pre-release waivers are sufficient authority to dispense with formal extradition procedures. Although there is currently no statute or case law on this point in Arkansas, it is my opinion that the Arkansas Supreme Court, if faced with the question, would uphold the validity of such a waiver.
Many provisions of law surround the question. The subject of extradition is referred to in the United States Constitution at art. IV, § 2, cl.2 as follows:
 A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled be delivered up, to be removed to the state having jurisdiction of the crime.
This section, not being self-executing, (Com. of Kentucky v.Dennison, 24 How. 66, 16 L.Ed. 717 (1860), was expounded upon by Congress in an act which is now codified at 18 U.S.C. § 3182. The federal act provides for the forwarding, by the "executive authority" of a state, of a certified copy of an indictment or an affidavit made before a magistrate charging a person with treason, felony or other crime, to the "executive authority" of another state where such person has fled. The federal law then authorizes the executive authority of the state where the person has fled to cause him to be arrested and secured, and to notify and deliver the fugitive to the other executive authority.
In addition to this federal legislation, many states have adopted the "Uniform Criminal Extradition Act," or "UCEA." This uniform act contains a provision relative to the waiver of extradition rights. It provides, in part, that any person charged with breaking the terms of his parole may waive the issuance and service of an extradition warrant, and other extradition proceedings, by executing in the presence of a judge within the "asylum" state, (meaning the state where he has fled), a writing which states that he consents to being returned to the demanding state. The Uniform Act requires the judge to inform the person of his rights to the normal extradition procedures, and the right to obtain a writ of habeas corpus. The act also provides, however, that nothing in the waiver section of the act should be "deemed to limit the rights of the accused person to return voluntarily and without formality to the demanding state, nor shall thiswaiver procedure be deemed to be an exclusive procedure or to limit the powers, rights or duties of the officers of the demanding state or [the asylum] state." See Uniform Act, at § 25 (A) (emphasis added). Many states and federal courts have, under the emphasized language above, held that pre-release waivers of extradition signed in the demanding state prior to parole are enforceable and not prohibited by the Uniform Act.See e.g. Commonwealth v. Green, 525 Pa. 424, 518 A.2d 544
(1990); Pierson v. Grant, 527 F.2d 161 (8th Cir. 1975); Peoplev. Bynul, 524 N.Y.S. 2d 321, 138 Mics.2d 326 (1987); State v.Maglio, 189 N.J. Super. 257, 459 A.2d 1209 (1983); Ex ParteJohnson, 610 S.W.2d 757 (Texas 1980). See also, Opinion No. 84-005, of the Attorney General of Illinois; Opinion No. 83-34 of the Attorney General of Maine, (now supplemented by statute), and Opinion No. 79-284 of the Attorney General of Tennessee.
This holding is based upon the conclusion that the act's waiver provisions, which provide for the signing of a waiver before a judge in the asylum state, are not the exclusive method that the parolee may waive extradition. Therefore, the pre-release waiver signed previously in the demanding state is not prohibited by the act.
The UCEA, however, as adopted in Arkansas, does not contain this waiver provision. The Arkansas version of the act, codified at A.C.A. § 16-94-201 et seq., does not mention waivers of extradition at all.[1] It is my opinion, however, that this fact does not mean that such waivers are unenforceable or contrary to Arkansas law. Such waivers are simply not governed by the statutes of this state.[2] Nor are waiver of extradition rights addressed in the federal legislation; but such pre-release waivers have been upheld by federal courts. Seee.g. Forrester v. California Adult Authority, 510 F.2d 58
(8th Cir. 1975); Cook v. Kern, 330 F.2d 1003 (5th Cir. 1964);United States v. Lohman, 228 F.2d 824 (7th Cir. 1955) andWoods v. Steiner, 207 F. Supp. 945 (D. Md. 1962). Similarly, the courts of other states have upheld the validity of such waivers without specific reference to the provisions of the UCEA.See, e.g., State v. Lingle, 308 N.W.2d 531, (Neb. 1981);Schwartz v. Woodahl, 157 Mont. 479, 487 P.2d 300 (1971);Wright v. Page, 414 P.2d 470 (Okla. 1966); and Hunt v. Hand,186 Kan. 670, 352 P.2d 1 (1960). Additionally, our Arkansas Supreme Court has upheld proceedings which are alternative to the UCEA, as not being "prohibited" by the UCEA. See Hinkle v.Rockefeller, Governor, 249 Ark. 110, 458 S.W.2d 371 (1970), (upholding an "executive agreement" for extradition). In my opinion this construction is more reasonable and more nearly aligned with the intent of the act than a conclusion that because Arkansas does not have a waiver provision in its UCEA, waivers of any kind are not permissible under it.
This type of waiver is not governed by statute, but rather is in the nature of a contractual arrangement. As was stated inGulley, Sheriff v. Apple, 213 Ark. 350, 210 S.W.2d 514 (1948): "[o]ne convicted of a crime has the right to reject an offer of parole, but once having elected to accept parole, the parolee is bound by the express terms of his conditional release."213 Ark. at 357, citing In re Petersen, 14 Cal.2d 82, 92 P.2d 890
(1939).
It has been stated that "[t]he majority rule throughout the country is formal extradition proceedings are not necessary to compel the return of absconding probationers or parolees who have signed previously a pre-release waiver." State v. Maglio,supra at 1212, citing Schwartz v. Woodahl, supra; Whitev. Hall, 15 Md. App. 446, 291 A.2d 694 (Ct.Spec.App. 1972);State ex rel. Swyston v. Hedman, 288 Minn. 530, 179 N.W.2d 282
(1970); Madden v. Simmons, 39 Ala. App. 24, 92 So.2d 922 (Ct. App. 1957); and Pierce v. Smith, 31 Wash.2d 52, 195 P.2d 112
(Sup.Ct. 1948), cert. denied, 335 U.S. 834 (1948). It has also been held in this regard that parole is an act of grace, and reasonable conditions may be imposed in connection therewith.Forrester v. California Adult Authority, supra, and State v.Lingle, supra. See also Michalek v. Lockhart,292 Ark. 301, 730 S.W.2d 210 (1987) (stating that there is no constitutional right or entitlement to parole). Additionally, it has been held that requiring parolees to sign a pre-release waiver in itself is not "coercive" or "intimidation." Schwartzv. Woodahl, supra. As stated therein, "constitutional rights can be waived." 487 P.2d at 301, citing Ex parte Casemento,
24 N.J. Misc. 345, 49 A.2d 437 (1946).
It is thus my opinion that the majority rule is that pre-release waivers of extradition signed as a condition of parole will be upheld. The only case to the contrary is one from California, Inre Klock, 184 Cal. Rptr. 234, 133 Cal. App. 3d 726 (Ct.App. 1982), and this case has been superseded by action of the legislature. See Cal. Penal Code § 1555.2. Other statutes have also enacted specific statutes providing for the validity of such waivers. See, e.g., 15 M.R.S.A. § 226 (Maine), M.C.A. 46-30-229
(Montana) and La. Code of Crim Proc., art. 237 (Louisiana).
One final point must be noted. There is authority for the proposition that in extradition proceedings, the law and procedure of the demanding state applies. That is, when a parolee fugutive is arrested and secured in Arkansas, and demand is made for the fugitive by another state, the laws of that state may apply. See generally Glover v. State, 257 Ark. 241,515 S.W.2d 641 (1974) (holding that an affadavit in accordance with the laws of the demanding state is sufficient and that its sufficiency must be tested by the laws of that state.) Thus, it may be that when you, as Governor of Arkansas, are presented with a request for return of a parolee fugitive, and an accompanying pre-signed waiver of extradition from another state, it must be determined whether such waivers are valid according to the laws of that state. Conversely, when you as Governor make a request of another state, for the return of a parolee fugitive who has fled to that state, but who has executed a pre-release waiver in this state, the laws of Arkansas should apply. It is my opinion that in either instance, such a waiver should be upheld. My research has disclosed no state which, as a formal matter, rejects such waivers.[3] It is my opinion, moreover, that if the Arkansas Supreme Court were faced with the question, it would uphold their validity under Arkansas law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Arkansas adopted the Uniform Act in 1935. See Acts 126 of 1935. Many states adopted a later version, and presumably this later version contained the provision regarding waiver. Seegenerally, Pellegrini v. Wolfe, 225 Ark. 459, 283 S.W.2d 162
(1955), n. 5.
[2] There is one provision of Arkansas law which governs waiver of extradition and it is found in the "Uniform Act for Out-of-State Parolee Supervision," codified at A.C.A. § 16-93-901et seq. This act represents a compact between all contracting states to allow states to agree to send particular parolees to other states to serve their parole. The act provides that in such cases, "all legal requirements to obtain extradition of fugitives from justice are hereby expressly waived on the part of the states party hereto, as to such persons." A.C.A. § 16-93-901 (3). In these limited cases, where a parolee has been allowed, under this compact, to serve his parole in another state, a pre-release waiver of extradition is not even required. Extradition is waived as a matter of law. This compact was declared constitutional in Arkansas in Gulley, Sheriff v. Apple, 213 Ark. 350,210 S.W.2d 514 (1948).
[3] Of course, in many states, the majority in fact, the question has simply not been addressed, either by the legislature or the courts. A majority of the courts and Attorneys General formally faced with the question, however, have upheld the practice.